RANDAL ET AL., SELECTMEN OF THE TOWN OF STONINGTON, v. YORK ET AL., ADMINISTRATORS OF YORK, DECEASED.

THIS was an action on bond, given by the deceased, conditioned — "That Benjamin Clark, Jr. (who was appointed collector of public taxes, in the year 1783, for the town of Stonington) should faithfully collect all the state taxes committed to him for that purpose, and pay the same to the

treasurer of Connecticut, according to the true intent and meaning of the several warrants that should be given him: And also, collect all the taxes levied by said town of Stonington, in the year 1783, and pay the same into the treasury of said town, according to the direction of his warrants. And well and truly execute said office, according to law, and save the selectmen and inhabitants of said town of Stonington, from all legal cost, trouble, and damage, that might or should arise on account of any misconduct, neglect, or deficiency of said Clark, in the execution of said office."

It was stated in the pleadings — That the Court of Probate had limited a time for all claims of debt against the estate of the deceased, to be exhibited to the administrators; and that before the expiration of that term, Clark had failed to settle with the treasurer, agreeably to the direction of his warrants, though there had been no proceedings against the electmen, or inhabitants of the town, for the recovery of ny of the taxes which Clark had failed to collect and settle, l after the expiration of the term limited by the Court of robate, for the settlement of York's estate.

On demurrer, the point was, whether a right of action ad accrued upon this bond before the expiration of the time limited by the Court of Probate, for the creditors of the deceased to exhibit their claims to the defendants: — And it was held,

By the whole Court. That the failure of the collector to pay the taxes to the treasurer, was a breach of the condition, by which a right of action accrued on the bond; — and the plaintiffs having neglected to exhibit their claim, according

to the order of the Court of Probate, they were, by law, barred and foreclosed of any recovery on said bond.